**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4533**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

RONNIE ALVIN HOWARD,

    Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, Chief District Judge.  (3:15-cr-00053-1)

Submitted:  January 29, 2016   Decided:  February 10, 2016

Before MOTZ, AGEE, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Jennifer Rada Herrald, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie Alvin Howard pled guilty to failing to register as a sex offender, in violation of 18 U.S.C. § 2250 (2012). The district court sentenced him to 21 months' imprisonment to be followed by 10 years' supervised release. Howard appeals this sentence, contending that the district court erred by upwardly departing from the applicable Sentencing Guidelines range for his term of supervised release without providing him with the requisite notice.[1] We agree, and therefore vacate in part Howard's sentence.

We review a sentence for procedural and substantive reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In determining procedural reasonableness, we consider whether the district court properly calculated the applicable advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district

---

[1] Howard does not challenge his within-Guidelines sentence of 21 months' imprisonment.

court, we review for abuse of discretion. If we find such abuse, we reverse unless we conclude that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). Offering "§ 3553 arguments in the district court for a different sentence than the one he received" is sufficient to "preserve[] [the defendant's] claim of procedural sentencing error on appeal." Id. at 581.

Howard contends the district court's sentence of 10 years' supervised release was procedurally unreasonable because the court failed to provide the requisite notice that it was considering a departure from the applicable Guidelines range. Because Howard argued for a five-year term of supervised release, we review for an abuse of discretion. We conclude that Howard has demonstrated that the district court abused its discretion by failing to provide notice of its intended departure, as required by Fed. R. Crim. P. 32(h).

Unless the Government can "demonstrat[e] that the error was harmless, i.e. that it did not have a substantial and injurious effect or influence on the result," we must vacate Howard's sentence and remand to the district court. Lynn, 592 F.3d at 585 (internal quotation marks omitted). We conclude that the Government has failed to demonstrate harmlessness. We reject the Government's contention that the 10-year term of supervised release was a variance and thus did not require notice. See

3

<u>Irizarry v. United States</u>, 553 U.S. 708, 713-14 (2008) (distinguishing notice requirements for variance and departure). At Howard's sentencing hearing, the increased sentence was characterized only as a departure and not as a variance; such unambiguous oral pronouncement controls. <u>United States v. Osborne</u>, 345 F.3d 281, 283 n.1 (4th Cir. 2003).

Accordingly, although we affirm the 21-month term of imprisonment, we vacate Howard's supervised release term and remand for resentencing as to the term of supervised release.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

[2] By this disposition we express no opinion as to the appropriateness of a departure or variance on remand if the required procedures are observed.